UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON SMITH,<br><br>   Plaintiff,<br><br> v.<br><br>DR. JOHAL, et al.,<br><br>   Defendants. | **CASE No. 1:15-cv-01662-LJO-MJS (PC)**<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>**(ECF NO. 1)**<br><br>**AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. (ECF Nos. 1 & 5.) His complaint is before the Court for screening.

**I. SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court

determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

**II.   PLEADING STANDARD**

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

**III.   PLAINTIFF'S ALLEGATIONS**

Plaintiff is incarcerated at Wasco State Prison. He does not specify whether the acts giving rise to his complaint occurred at Wasco or another institution. He names the

following Defendants: (1) A. Johal, M.D., (2) Chief Physician and "Medical Servant" A. Klang, (3) Chief Medical Executive A. Youssef, M.D., (4) Orthopedic Surgeon Paik, (5) Dr. Zepp, (6) Nurse Practitioner Brook Sheela, (7) V. Joseph, R.N., (8) J. Lewis, Inmate Correspondence and Appeals Branch Deputy Director, Policy and Risk Management Services, (9) Warden J. Katavich, and (10) John Does 1-10.

Plaintiff's allegations may be summarized essentially as follows.

On January 21, 2015, Plaintiff submitted a CDCR 602 medical appeal requesting an MRI of his shoulder.

On January 22, 2015, Plaintiff's appeal was granted in part by Defendant Klang. Plaintiff was denied surgery for a torn rotator cuff and denied morphine for pain. He was given Tylenol #3, which was insufficient. The MRI was performed more than six weeks after it was ordered.

Plaintiff appealed to the second level. He received the second level response on April 13, 2015. Defendant Youssef responded to the appeal and again denied Plaintiff's morphine and placement on the surgery list.

Plaintiff appealed to the third level. He received the third level response on July 21, 2015. Defendant Lewis did not address Plaintiff's concerns.

Plaintiff received surgery eight months after he was injured. He still does not receive adequate medication for his pain and suffering.

Defendants acted in conformance with a policy, practice, or custom of denying prisoners adequate medical treatment. Defendant Lewis failed to properly train and supervise the remaining Defendants.

Plaintiff claims violation of his Fifth, Eighth, and Fourteenth Amendment rights. He seeks monetary relief and a declaratory judgment.

# IV.   ANALYSIS

## A.   Linkage

Under § 1983, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. 662, 676-77 (2009); Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Liability may not be imposed on supervisory personnel under the theory of respondeat superior, as each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 676-77; Ewing, 588 F.3d at 1235. Supervisors may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

Plaintiff has not alleged any facts regarding Defendants Johal, Paik, Zepp, Sheela, Joseph, Katavich, or Does 1-10. It is not sufficient for Plaintiff to state that these Defendants acted with deliberate indifference in violation of Plaintiff's rights. Plaintiff must set forth specific facts describing how each defendant participated in the violations, or knew of the violations but failed to act. Absent such facts, Plaintiff fails to state a claim against these Defendants.

Plaintiff will be given leave to amend. If he chooses to do so, he must link each named Defendant to the alleged constitutional violations.

## B.   Doe Defendants

Plaintiff names Does 1-10 as Defendants.

The use of Doe defendants generally is disfavored. Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (quoting Gillespie v. Civiletti, 629 E.2d 637, 642 (9th Cir. 1980)). Nevertheless, Plaintiff may, under certain circumstances, be given the opportunity to identify unknown defendants through discovery. Id.

4

Before Plaintiff may engage in discovery as to the unknown defendants, he first must link each of them to a constitutional violation. He must address each defendant separately, i.e., Doe 1, Doe 2, Doe 3, etc., and must set forth facts describing how each Doe defendant personally participated in the violation of his constitutional rights. As stated above, he has not done so. Plaintiff will be given leave to amend.

### C. Medical Indifference

The Eighth Amendment's Cruel and Unusual Punishments Clause prohibits deliberate indifference to the serious medical needs of prisoners. McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992). A claim of medical indifference requires (1) a serious medical need, and (2) a deliberately indifferent response by defendant. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). The deliberate indifference standard is met by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. Id. Where a prisoner alleges deliberate indifference based on a delay in medical treatment, the prisoner must show that the delay led to further injury. See Hallett v. Morgan, 296 F.3d 732, 745-46 (9th Cir. 2002); McGuckin, 974 F.2d at 1060a; Shapley v. Nevada Bd. Of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985) (per curiam). Delay which does not cause harm is insufficient to state a claim of deliberate medical indifference. Shapley, 766 F.2d at 407 (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (brackets omitted) (quoting Gibson, 290 F.3d at 1188). Mere indifference, negligence, or medical malpractice is not sufficient to support

the claim. Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle v. Gamble, 429 U.S. 87, 105-06 (1976)). A prisoner can establish deliberate indifference by showing that officials intentionally interfered with his medical treatment for reasons unrelated to the prisoner's medical needs. See Hamilton v. Endell, 981 F.2d 1062, 1066 (9th Cir. 1992); Estelle, 429 U.S. at 105.

An allegation that prison officials deliberately ignored a prisoner's complaint about the ineffective nature of prescribed pain medication and the pain being suffered as a result can, in some circumstances, give rise to a constitutional claim. See Chess v. Dovey, No. CIV S-07-1767 LKK DAD P., 2011 WL 567375, at *21 (E.D. Cal. Feb. 15, 2011) (denying summary judgment on Eighth Amendment claim where the doctor "ignored plaintiff's complaint about the ineffective nature of the Tylenol, aspirin and other medications he was being given and the pain being suffered as a result"); Franklin v. Dudley, No. 2:07-cv-2259 FCD KJN P., 2010 WL 5477693, at *6 (E.D. Cal. Dec. 29, 2010) (existence of triable issue of fact as to whether defendant violated Eighth Amendment precluded the granting of summary judgment where plaintiff was previously prescribed narcotic pain medication but now was given only Motrin, Naprosyn, and Tylenol under prison's no-narcotic policy). However, a prisoner does not have a constitutional right to the medication of his choice, and a mere difference of opinion regarding appropriate treatment and pain medication is insufficient to give rise to a constitutional claim. Toguchi, 391 F.3d at 1058; Wilson v. Borg, No. 95-15720, 1995 WL 571481, at *2 (9th Cir. Sept. 27, 1995); Smith v. Norrish, No. 94-16906, 1995 WL 267126, at *1 (9th Cir. May 5, 1995); McMican v. Lewis, No. 94-16676, 1995 WL 247177, at *2 (9th Cir. Apr. 27, 1995).

Plaintiff's allegations are insufficient to allege a serious medical need. Although it appears Plaintiff may have suffered a torn rotator cuff, his medical need is not entirely clear from the pleading. Plaintiff does not describe his injury, diagnosis or treatment, other than to state that he underwent an MRI. If Plaintiff chooses to amend, he should specify the condition he believes constitutes a serious medical need.

Plaintiff also fails to allege facts to show that any Defendants were deliberately indifferent to his medical needs. As stated, Plaintiff's allegations are directed only at Defendants Klang, Youssef, and Lewis. He states no allegations with respect to any other defendants. As to Defendants Klang, Youssef, and Lewis, he states only that they responded to Plaintiff's 602 medical appeal and did not grant Plaintiff all the relief requested. This is insufficient to state a claim.

Generally, denying a prisoner's administrative appeal does not cause or contribute to the underlying violation. George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007). However, prison administrators cannot willfully turn a blind eye to constitutional violations being committed by subordinates. Jett v. Penner, 439 F.3d 1091, 1098 (9th Cir. 2006). Thus, there may be limited circumstances in which those involved in reviewing an inmate appeal can be held liable under section 1983.

Here, however, Plaintiff's conclusory allegation that Defendants Klang, Youssef, and Lewis denied his medical appeals is insufficient to support a claim for relief. This is because Plaintiff has not stated a viable claim against any defendant for denying him medical care. Absent the presentation of facts sufficient to show that an Eighth Amendment violation occurred in the first place, Plaintiff cannot pursue a claim against those who reviewed the administrative appeal grieving the underlying denial of medical care.

Plaintiff will be given leave to amend. If he chooses to do so, he must provide specific factual allegations to show that Defendants intentionally denied, delayed, or interfered with necessary treatment of Plaintiff's serious medical need. To the extent Plaintiff wishes to allege claims against the Defendants who reviewed his appeals, he must include detailed allegations regarding the content of his administrative complaints and the responses thereto to show that these Defendants willfully turned a blind eye to constitutionally inadequate care.

7

**D.     Due Process**

Plaintiff states that Defendants violated his Fifth and Fourteenth Amendment rights, but does not state the basis for these claims. To the extent Plaintiff wishes to pursue a Due Process violation, his claims are governed by the Fourteenth Amendment. Bingue v. Prunchak, 512 F.3d 1169, 1174 (9th Cir. 2008) ("[T]he Fifth Amendment's due process clause applies only to the federal government.")

"The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." Wilkinson v. Austin, 545 U.S. 209, 221 (2005). Plaintiff does not a have protected liberty interest in the processing of his appeals, and therefore, he cannot pursue a claim for denial of due process with respect to the handling or resolution of his appeals. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)).

Plaintiff's only allegations pertain to the review of his 602 medical appeals. Plaintiff does not have a protected due process interest in the processing of such appeals. Accordingly, these allegations fail to state a due process claim.

**E.     Declaratory Judgment**

Plaintiff seeks declaratory relief. However, because his claims for damages necessarily entail a determination whether his rights were violated, his separate request for declaratory relief is subsumed by those claims. Rhodes v. Robinson, 408 F.3d 559, 566 n.8 (9th Cir. 2005). Therefore, this action properly proceeds as one for damages only.

**V.     CONCLUSION AND ORDER**

Plaintiff's complaint does not state a claim. The Court will grant Plaintiff an opportunity to file an amended complaint. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff chooses to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 556 U.S. at 677-78. Plaintiff

8

must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this screening order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted;
2. The Clerk's Office shall send Plaintiff a blank civil rights complaint form and a copy of his complaint, filed November 2, 2015;
3. Within thirty (30) days from the date of service of this order, Plaintiff must file a first amended complaint curing the deficiencies identified by the Court in this order or a notice of voluntary dismissal; and

4. If Plaintiff fails to file an amended complaint or notice of voluntary dismissal, this action will be dismissed, with prejudice, for failure to comply with a court order and failure to state a claim, and will be subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

Dated:   February 19, 2016            /s/ *Michael J. Seng*
                                              UNITED STATES MAGISTRATE JUDGE