UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON SMITH,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DR. JOHAL, et al.,<br><br>　　　　　Defendants. | **CASE No. 1:15-cv-01662-LJO-MJS (PC)**<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND**<br><br>**(ECF NO. 14)**<br><br>**AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. (ECF Nos. 1 & 5.)

The Court dismissed Plaintiff's complaint for failure to state a claim, but gave leave to amend. (ECF No. 9.) Plaintiff's first amended complaint is before the Court for screening.

**I.　SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion

thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

**II.   PLEADING STANDARD**

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

**III.   PLAINTIFF'S ALLEGATIONS**

Plaintiff is incarcerated at Wasco State Prison where the acts giving rise to his complaint occurred. He names the following defendants in their individual capacities: (1) A. Johal, M.D., (2) Chief Physician A. Klang, (3) Chief Medical Executive A. Youssef,

2

M.D., (4) Orthopedic Surgeon Paik, (5) Dr. Zepp, (6) Nurse Practitioner Brook Sheela, (7) V. Joseph, and (8) John Does 1-10.

Plaintiff's allegations may be summarized essentially as follows.

In October 2014, Plaintiff injured his right rotator cuff while working out.

Plaintiff was denied treatment and, on January 21, 2015, he submitted a CDCR 602 medical appeal requesting an MRI of his shoulder and pain medication.[1] On January 22, 2015, Plaintiff underwent an MRI and eventually was diagnosed with a torn rotator cuff.

Defendant Johal or Klang[2] granted Plaintiff's first level appeal in part on February 23, 2015.[3] Plaintiff was not put on the list for surgery. Defendant Johal delayed surgery and scheduled Plaintiff for an orthopedic consultation. Johal also denied Plaintiff morphine and instead prescribed Tylenol #3 for pain.

Plaintiff submitted his appeal to the second level. On April 13, 2015, Defendant Youssef issued his decision on Plaintiff's second level appeal and also denied surgery, instead recommending that Plaintiff undergo physical therapy. Plaintiff states that this decision was motivated by a desire to avoid the costs of surgery.

Plaintiff submitted his appeal to the third level. Plaintiff continued to experience severe pain that was unresolved with medication.

On May 26, 2015, Defendant Paik recommended surgery. Paik previously had denied Plaintiff surgery.

On June 10, 2015, Plaintiff received surgery and was prescribed morphine.

On June 17, 2015, Plaintiff was given a thirty day prescription for methadone.

---

[1] Plaintiff purports to incorporate his medical appeal in his pleading pursuant to Federal Rule of Civil Procedure 10(c). Rule 10(c) does not provide for such incorporation. More importantly, however, Plaintiff's medical appeal is not included as an exhibit to Plaintiff's pleading and the Court has no knowledge of its contents. As Plaintiff previously was advised, his pleading must be complete in itself. Local Rule 220. The Court cannot evaluate Plaintiff's claims based on documents that are not included with his pleading.

[2] Plaintiff is inconsistent in his statements regarding which defendant addressed his appeal at the first level.

[3] Plaintiff states that this decision came approximately thirty days after his injury. This thirty day estimate is inconsistent with Plaintiff's statement that he was injured in October 2014.

3

As a result of the delay in receiving surgery, Plaintiff is permanently injured and has limited range of motion. Defendants Sheela and Joseph contributed to the delay by failing to properly examined Plaintiff or document his injury.

Plaintiff's third level appeal ultimately was denied because he already had received surgery.

Plaintiff claims violation of his Eighth, and Fourteenth Amendment rights. He seeks monetary relief and a declaratory judgment.

## IV.     ANALYSIS

Plaintiff previously was advised of the legal standards applicable to his claims and the deficiencies in his original complaint. Plaintiff's amended complaint nonetheless fails to state a cognizable claim. Plaintiff again will be provided the legal standards applicable to his claims. The Court will grant Plaintiff **one final opportunity** to amend his complaint to cure noted defects, to the extent he believes in good faith he is able to do so.

### A.     Linkage

Under § 1983, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. 662, 676-77 (2009); Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Liability may not be imposed on supervisory personnel under the theory of respondeat superior, as each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 676-77; Ewing, 588 F.3d at 1235. Supervisors may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

Plaintiff has not alleged any facts regarding Defendant Zepp or Does 1-10. It is not sufficient for Plaintiff to state that these Defendants acted with deliberate indifference

4

in violation of Plaintiff's rights. Plaintiff must set forth specific facts describing how each defendant participated in the violations, or knew of the violations but failed to act. Absent such facts, Plaintiff fails to state a claim against these Defendants.

If Plaintiff chooses to amend, he must link each named Defendant to the alleged constitutional violations.

### B. Doe Defendants

Plaintiff names Does 1-10 as Defendants.

The use of Doe defendants generally is disfavored. Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (quoting Gillespie v. Civiletti, 629 E.2d 637, 642 (9th Cir. 1980)). Nevertheless, Plaintiff may, under certain circumstances, be given the opportunity to identify unknown defendants through discovery. Id.

Before Plaintiff may engage in discovery as to the unknown defendants, he first must link each of them to a constitutional violation. He must address each defendant separately, i.e., Doe 1, Doe 2, Doe 3, etc., and must set forth facts describing how each Doe defendant personally participated in the violation of his constitutional rights. As stated above, he has not done so. Plaintiff will be given leave to amend.

### C. Medical Indifference

The Eighth Amendment's Cruel and Unusual Punishments Clause prohibits deliberate indifference to the serious medical needs of prisoners. McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992). A claim of medical indifference requires (1) a serious medical need, and (2) a deliberately indifferent response by defendant. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). The deliberate indifference standard is met by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. Id. Where a prisoner alleges deliberate indifference based on a delay in medical treatment, the prisoner must show that the delay led to further injury. See Hallett v. Morgan, 296 F.3d 732, 745-46 (9th Cir. 2002); McGuckin, 974 F.2d at 1060a; Shapley v. Nevada Bd. Of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985) (per curiam). Delay which does not cause harm is

insufficient to state a claim of deliberate medical indifference. Shapley, 766 F.2d at 407 (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (brackets omitted) (quoting Gibson, 290 F.3d at 1188). Mere indifference, negligence, or medical malpractice is not sufficient to support the claim. Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle v. Gamble, 429 U.S. 87, 105-06 (1976)). A prisoner can establish deliberate indifference by showing that officials intentionally interfered with his medical treatment for reasons unrelated to the prisoner's medical needs. See Hamilton v. Endell, 981 F.2d 1062, 1066 (9th Cir. 1992); Estelle, 429 U.S. at 105.

An allegation that prison officials deliberately ignored a prisoner's complaint about the ineffective nature of prescribed pain medication and the pain being suffered as a result can, in some circumstances, give rise to a constitutional claim. See Chess v. Dovey, No. CIV S-07-1767 LKK DAD P., 2011 WL 567375, at *21 (E.D. Cal. Feb. 15, 2011) (denying summary judgment on Eighth Amendment claim where the doctor "ignored plaintiff's complaint about the ineffective nature of the Tylenol, aspirin and other medications he was being given and the pain being suffered as a result"); Franklin v. Dudley, No. 2:07-cv-2259 FCD KJN P., 2010 WL 5477693, at *6 (E.D. Cal. Dec. 29, 2010) (existence of triable issue of fact as to whether defendant violated Eighth Amendment precluded the granting of summary judgment where plaintiff was previously prescribed narcotic pain medication but now was given only Motrin, Naprosyn, and Tylenol under prison's no-narcotic policy). However, a prisoner does not have a constitutional right to the medication of his choice, and a mere difference of opinion

6

regarding appropriate treatment and pain medication is insufficient to give rise to a constitutional claim. Toguchi, 391 F.3d at 1058; Wilson v. Borg, No. 95-15720, 1995 WL 571481, at *2 (9th Cir. Sept. 27, 1995); Smith v. Norrish, No. 94-16906, 1995 WL 267126, at *1 (9th Cir. May 5, 1995); McMican v. Lewis, No. 94-16676, 1995 WL 247177, at *2 (9th Cir. Apr. 27, 1995).

Plaintiff's allegation of a torn rotator cuff is sufficient to state a serious medical need. Jett, 439 F.3d at 1096 (a "serious medical need" may be shown by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain'"); McGuckin, 974 F.2d at 1059-60 ("The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment.").

However, Plaintiff fails to allege facts to show that any Defendants were deliberately indifferent to his medical needs. Plaintiff's bare allegation that Defendants Sheela and Joseph failed to properly examine him or document his injuries is insufficient to allege deliberate indifference. Plaintiff provides no information or context regarding his interactions with these defendants or any explanation as to how their treatment was deficient.

As to Defendants Klang, Youseef, and Johal, Plaintiff states only that they responded to Plaintiff's 602 medical appeal and did not grant Plaintiff all the relief requested. This is insufficient to state a claim. Generally, denying a prisoner's administrative appeal does not cause or contribute to the underlying violation. George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007). However, prison administrators cannot willfully turn a blind eye to constitutional violations being committed by subordinates. Jett v. Penner, 439 F.3d 1091, 1098 (9th Cir. 2006). Thus, there may be limited circumstances in which those involved in reviewing an inmate appeal can be held liable under section 1983.

Here, however, Plaintiff's conclusory allegation that Defendants Klang, Youssef, and Johal denied his medical appeals is insufficient to support a claim for relief. This is because Plaintiff has not stated a viable claim against any defendant for denying him medical care. Absent the presentation of facts sufficient to show that an Eighth Amendment violation occurred in the first place, Plaintiff cannot pursue a claim against those who reviewed the administrative appeal grieving the underlying denial of medical care. Moreover, these Defendants did provide Plaintiff with medical care, in the form of medication, an orthopedic consultation, and physical therapy. Plaintiff's mere disagreement with these treatment decisions is insufficient to state a claim. Plaintiff's allegation that surgery was denied for financial reasons appears to be based purely on speculation.

Finally, Plaintiff alleges that Defendant Paik initially denied surgery, but later recommended surgery. This alone does not reflect deliberate indifference.

Plaintiff's allegations fail to allege anything other than a difference of opinion regarding appropriate medical care. If Plaintiff chooses to amend, he must provide more than conclusory allegations to show that Defendants intentionally denied, delayed, or interfered with necessary treatment of Plaintiff's torn rotator cuff. To the extent Plaintiff wishes to allege claims against the Defendants who reviewed his appeals, he must include detailed allegations regarding the content of his administrative complaints and the responses thereto to show that these Defendants willfully turned a blind eye to constitutionally inadequate care.

**D. Due Process**

Plaintiff states that Defendants violated his Fourteenth Amendment rights but does not state the basis for these claims. Plaintiff previously was advised that he stated no basis for a Due Process violation. The Court will again reiterate that analysis.

"The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." Wilkinson v. Austin, 545

U.S. 209, 221 (2005). Plaintiff does not a have protected liberty interest in the processing of his appeals, and therefore, he cannot pursue a claim for denial of due process with respect to the handling or resolution of his appeals. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)).

### E. Declaratory Judgment

Plaintiff seeks declaratory relief. However, because his claims for damages necessarily entail a determination whether his rights were violated, his separate request for declaratory relief is subsumed by those claims. Rhodes v. Robinson, 408 F.3d 559, 566 n.8 (9th Cir. 2005). Therefore, this action properly proceeds as one for damages only.

## V. CONCLUSION AND ORDER

Plaintiff's first amended complaint does not state a cognizable claim for relief.

The Court will provide Plaintiff with **one final** opportunity to file an amended complaint that cures the noted deficiencies. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff opts to amend, his amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named Defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 556 U.S. at 677-78. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555. Further, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Finally, an amended complaint supersedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 927 (9th Cir. 2012), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's first amended complaint (ECF No. 14) is DISMISSED for failure to state a claim upon which relief may be granted,

2. The Clerk's Office shall send Plaintiff (1) a blank civil rights amended

complaint form and (2) a copy of his first amended complaint filed April 28, 2016;

3. Within thirty (30) days from the date of service of this order, Plaintiff must file a second amended complaint curing the deficiencies identified by the Court in this order or a notice of voluntary dismissal; and

4. If Plaintiff fails to file an amended complaint or notice of voluntary dismissal, the undersigned will recommend this action be dismissed, with prejudice, for failure to comply with a court order and failure to state a claim. Such dismissal will be subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

Dated:   July 5, 2016              /s/ *Michael J. Seng*
                                   UNITED STATES MAGISTRATE JUDGE