UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| JASON SMITH, | CASE NO. 1:15-cv-01662-LJO-MJS(PC) |
|---|---|
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION FOR A PROTECTIVE ORDER** |
| v. | (ECF No. 42) |
| DR. JOHAL, et al., | **ORDER DENYING PLAINTIFF'S MOTION TO BAN CALIFORNIA STATE ATTORNEY GENERAL'S OFFICE FROM THESE PROCEEDINGS** |
| Defendant. | (ECF No. 45) |

Plaintiff is a prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983. The action proceeds against Defendant Youssef on Plaintiff's Eighth Amendment claim for medical indifference.

Before the Court is Defendant's October 3, 2017 motion for a protective order, filed in conjunction with Defendant's motion for summary judgment for failure to exhaust administrative remedies. (ECF No. 42; see also ECF No. 41.) Plaintiff filed no opposition and the time for doing so has passed.

Also before the Court is Plaintiff's October 23, 2017 motion to ban the California Attorney General's Office from participating in this action. (ECF No. 45.) Defendant filed no response and the time for doing so has passed.

These matters are deemed submitted. Local Rule 230(*l*).

**I.  Protective Order**

Defendant requests that the Court stay all discovery in this matter, except that

1

pertaining to exhaustion, until the Court rules on Defendant's motion for summary judgment. (ECF No. 42.)

The Court is vested with broad discretion to manage discovery. Dichter-Mad Family Partners, LLP v. U.S., 709 F.3d 749, 751 (9th Cir. 2013) (per curiam); Hunt v. Cnty. of Orange, 672 F.3d 606, 616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Prods., 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002). Pursuant to Rule 26(c)(1), the Court may, for good cause, issue a protective order forbidding or limiting discovery. The avoidance of undue burden or expense is grounds for the issuance of a protective order, Fed. R. Civ. P. 26(c), and a stay of discovery pending resolution of potentially dispositive issues furthers the goal of efficiency for the courts and the litigants. Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988) (stay of discovery pending resolution of immunity issue).

The propriety of delaying discovery on the merits of the plaintiff's claims pending resolution of an exhaustion motion was explicitly recognized by the Ninth Circuit. Albino v. Baca, 747 F.3d 1162, 1170–71 (9th Cir. 2014) (en banc), cert. denied, 135 S.Ct. 403 (2014); see also Gibbs v. Carson, No. C–13–0860 THE (PR), 2014 WL 172187, at *2–3 (N.D. Cal. Jan. 15, 2014). The failure to exhaust is an affirmative defense, and Defendant is entitled to move for judgment on the issue. Albino, 747 F.3d at 1166.

The Court finds that judicial economy is best served by staying discovery until after the Court rules on Defendant's pending motion (ECF No. 41) for summary judgment for failure to exhaust available administrative remedies. Plaintiff has not opposed the stay. Accordingly, this motion will be granted and discovery unrelated to exhaustion will be stayed.

**II.     Banning the California Attorney General's Office**

Plaintiff requests that the Court bar and ban the California State Attorney General from this action. (ECF No. 45.)

Plaintiff argues that the California Constitution bars the Attorney General or any employee thereof from defending any individual in litigious matters. Plaintiff cites to Art.

2

IX § 13 of the California Constitution as the relevant authority.[1] Plaintiff further refers to a document from 2011 from then Attorney General Kamala Harris outlining the correct California state government offices to contact to lodge complaints. (ECF No. 45 at 8-10.) The cited document is not found to have any relevance to the issue raised.

The Court is unaware of any legal authority in support Plaintiff's contention that the California Attorney General should be banned from this action. The powers of the Attorney General are outlined in Cal. Const. Art. V § 13. The Attorney General "has the duty to defend all cases in which the state or one of its officers is a party." D'Amico v. Bd. of Med. Exam'rs, 11 Cal. 3d 1, 15 (1974) (citing Cal. Gov't Code § 12512). Thus, this motion will be denied.

**III.     Conclusion and Order**

Based on the foregoing, it is HEREBY ORDERED that:

1. Defendant's motion (ECF No. 42) for a protective order is GRANTED; all discovery in this matter, except that pertaining to exhaustion, is stayed until the Court rules on Defendant's motion for summary judgment on the issue of exhaustion;
2. Plaintiff's motion (ECF No. 45) to ban the California Attorney General from this action is DENIED.

IT IS SO ORDERED.

Dated:   December 8, 2017          /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE

---

[1] The cite appears erroneous as this Article was repealed in 1974 and is no longer authoritative. The powers of the Attorney General are governed by Cal. Const. Art. V § 13.

3