UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON SMITH,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>DR. JOHAL, et al.,<br><br>　　　　Defendants. | CASE NO. 1:15-cv-01662-LJO-MJS(PC)<br><br>**FINDINGS AND RECOMMENDATION TO GRANT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT BASED ON PLAINTIFF'S FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**<br><br>(ECF NO. 41)<br><br>**FOURTEEN-DAY DEADLINE** |

Plaintiff is a state prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983. The action proceeds against Defendant Youssef on Plaintiff's Eighth Amendment claim for medical indifference arising out of alleged delay in providing physical therapy to Plaintiff. (ECF Nos. 19, 31.)

Defendant has moved for summary judgment on the ground that Plaintiff failed to exhaust his administrative remedies on the physical therapy claim. (ECF No. 41.) Plaintiff opposes the motion. (ECF No. 49.) Defendant replied. (ECF No. 50.)

For the reasons set forth below, the undersigned will recommend that Defendant's motion be granted.

## I. Relevant Procedural Background

Plaintiff initiated this action on November 2, 2015. (ECF No. 1.) On January 19, 2017, his second amended complaint was dismissed for failure to state a claim. (ECF No. 25.) Plaintiff appealed. On June 1, 2017, the Ninth Circuit Court of Appeals affirmed in part, vacated in part, and remanded. (ECF Nos. 31, 32) The Ninth Circuit determined that Plaintiff's Eighth Amendment claim against Defendant Youssef for delay in providing physical therapy was sufficient to require the defendant to file an answer. (ECF No. 31.) In all other regards, the dismissal was affirmed. (Id.)

## II. Plaintiff's Remaining Allegations after Remand

Plaintiff initially brought a variety of allegations relating to pain in his right shoulder. As relevant here, Plaintiff's allegations may be summarized as follows.

On May 26, 2015, Plaintiff was seen by non-party orthopedic surgeon Dr. Paik. Dr. Paik recommended surgery. On June 10, 2015, Plaintiff underwent surgery and Dr. Paik ordered physical therapy. Plaintiff did not receive physical therapy from June 10 to August 10, 2015.

On June 17, 2015, Dr. Paik changed Plaintiff's bandage and recommended pain medication and urgent physical therapy. These recommendations were relayed to Defendant Youssef. On June 22, 2015, Dr. Paik again recommended urgent physical therapy. Paik advised Plaintiff that he had suffered major cartilage damage. On June 24, 2015, the physical therapist at Plaintiff's institution quit working and/or quit providing therapy to patients.

On July 8, 2015, Plaintiff submitted a health care services request form. He complained of pain and stiffness and lack of physical therapy.

On July 30, 2015, and August 5, 2015, Plaintiff's physical therapy sessions were cancelled. On August 10, 2015, Plaintiff saw Dr. Paik. Upon return to prison, Plaintiff's medication was renewed and Plaintiff underwent his first physical therapy session.

Thereafter, several physical therapy sessions were cancelled. Defendant Youssef refused to allow Plaintiff to take a therapy band to his cell to perform therapy. According to Plaintiff, therapy bands are permitted at other institutions. On August 31, 2015, Plaintiff saw Dr. Paik. Paik stated he would advise Youssef of the need for therapy to avoid further surgery. As a result of the lack of therapy, Plaintiff has had poor healing.

## III. Undisputed Facts

### A. Health Care Appeal Log No. WSP-HC-15047897

Plaintiff filed one inmate appeal in 2015 relating to health care, Health Care Appeal Log No. WSP-HC-15047897. See Decl. of J. Lewis in Supp. Defs.' Mot. Summ. J. (ECF No. 41-4) ¶¶ 14-17, Exs. A-B.

The appeal was submitted on January 21, 2015, and Plaintiff requested surgery, an MRI, and better medication. Lewis Decl. Ex. B (ECF No. 41-4 at 10.) Plaintiff's initial appeal did not mention physical therapy. (Id.) This appeal was rejected because Plaintiff did not specify the medication referenced; Plaintiff corrected this and re-submitted. (Id. at 18.) On February 23, 2015, this appeal was partially granted. (Id. at 14.) The MRI was granted, while the requests for morphine and to be put on a list for surgery were denied, and Plaintiff was given a consultation with an orthopedic surgeon. (Id.) Physical therapy was not addressed. (Id.)

On February 05, 2015, Plaintiff appealed to the second level and again did not mention physical therapy. (Id. at 13.) This appeal was denied. (Id. at 16.) The appeal reviewer noted that Plaintiff was under the care of an orthopedic specialist, had been recommended for NSAIDs and physical therapy, and was offered a shoulder injection. (Id.) Plaintiff's request for morphine was denied, and his care was determined to be within community standards. (Id.)

On April 20, 2015, Plaintiff appealed to the third level of review and noted that the physical therapy was not improving his injury and that he was continuing his requests for surgery and morphine. (Id. at 11.) The appeal was denied at the third level on July 21,

2015. (Id. at 8.) It was again noted that Plaintiff had been recommended for physical therapy. (Id.)

### B. Health Care Request Forms 7362

On July 08, 2015, Plaintiff submitted a Health Care Services Request Form CDC 7362 requesting physical therapy. (ECF No. 49, Ex. B at 12.) Plaintiff was informed that a physical therapist would start on July 13, 2015. (Id.) Plaintiff submitted another Form 7362 on July 10, noting that his physical therapy had not started. (Id. at 13.) The triage nurse noted that physical therapy was set to begin that week. (Id.) On July 23, 2015, Plaintiff sent a third Form 7362 requesting physical therapy and noting that his physician had sent several requests regarding his urgent need for physical therapy. (Id. at 17.) He was informed that physical therapy would start no later than July 29. (Id.) On July 31, 2015, Plaintiff sent another Form 7362 requesting additional pain medication and physical therapy. (Id. at 18.) The triage nurse noted that physical therapy had been scheduled for that same date but Plaintiff had been "called in" and physical therapy was therefore postponed to August 5. (Id.) On March 01, 2016, Plaintiff sent a Form 7362 asking to extend his physical therapy, which was about to expire. (Id. at 21.) The triage nurse noted that the issue had been addressed by Plaintiff's PCP. (Id.)

## IV. Legal Standards

### A. Summary Judgment Standards

The court must grant a motion for summary judgment if the movant shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). Material facts are those that may affect the outcome of the case. Anderson, 477 U.S. at 248. A dispute about a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party. Id. at 248-49.

The party moving for summary judgment bears the initial burden of informing the court of the basis for the motion, and identifying portions of the pleadings, depositions,

answers to interrogatories, admissions, or affidavits which demonstrate the absence of a triable issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). To meet its burden, "the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc., 210 F.3d 1099, 1102 (9th Cir. 2000); see Devereaux v. Abbey, 263 F.3d 1070, 1076 (9th Cir. 2001) ("When the nonmoving party has the burden of proof at trial, the moving party need only point out 'that there is an absence of evidence to support the nonmoving party's case.'") (quoting Celotex, 477 U.S. at 325).

If the moving party meets its initial burden, the burden shifts to the non-moving party to produce evidence supporting its claims or defenses. Nissan Fire & Marine Ins. Co., Ltd., 210 F.3d at 1103. The non-moving party may not rest upon mere allegations or denials of the adverse party's evidence, but instead must produce admissible evidence that shows there is a genuine issue of material fact for trial. See Devereaux, 263 F.3d at 1076. If the non-moving party does not produce evidence to show a genuine issue of material fact, the moving party is entitled to judgment. See Celotex, 477 U.S. at 323.

Generally, when a defendant moves for summary judgment on an affirmative defense on which he bears the burden of proof at trial, he must come forward with evidence which would entitle him to a directed verdict if the evidence went uncontroverted at trial. See Houghton v. South, 965 F.2d 1532, 1536 (9th Cir. 1992). The failure to exhaust administrative remedies is an affirmative defense that must be raised in a motion for summary judgment rather than a motion to dismiss. See Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc). On a motion for summary judgment for nonexhaustion, the defendant has the initial burden to prove "that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." Id. at 1172. If the defendant carries that burden, the "burden shifts to the prisoner to come forward with evidence showing that there is something in his

particular case that made the existing and generally available administrative remedies effectively unavailable to him." Id. The ultimate burden of proof remains with the defendant, however. Id. If material facts are disputed, summary judgment should be denied, and the "judge rather than a jury should determine the facts" on the exhaustion question, Id. at 1166, "in the same manner a judge rather than a jury decides disputed factual questions relevant to jurisdiction and venue," Id. at 1170-71.

In ruling on a motion for summary judgment, inferences drawn from the underlying facts are viewed in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

A verified complaint may be used as an opposing affidavit under Rule 56, as long as it is based on personal knowledge and sets forth specific facts admissible in evidence. See Schroeder v. McDonald, 55 F.3d 454, 460 & nn.10-11 (9th Cir. 1995) (treating plaintiff's verified complaint as opposing affidavit where, even though verification not in conformity with 28 U.S.C. § 1746, plaintiff stated under penalty of perjury that contents were true and correct, and allegations were not based purely on his belief but on his personal knowledge). Plaintiff's pleading is signed under penalty of perjury and the facts therein are evidence for purposes of evaluating Defendant's motion for summary judgment.

**B. California's Administrative Exhaustion Rules**

"No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion in prisoner cases covered by § 1997e(a) is mandatory. Porter v. Nussle, 534 U.S. 516, 524 (2002); Ross v. Blake, 136 S. Ct. 1850, 1856-57 (2016) (mandatory language of § 1997e(a) forecloses judicial discretion to craft exceptions to the requirement). All available remedies must be exhausted; those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Porter, 534 U.S. at 524. Even when the prisoner seeks relief not available in

grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. Id.; Booth v. Churner, 532 U.S. 731, 741 (2001). Section 1997e(a) requires "proper exhaustion" of available administrative remedies. Woodford v. Ngo, 548 U.S. 81, 93 (2006). Proper exhaustion requires using all steps of an administrative process and complying with "deadlines and other critical procedural rules." Id. at 90.

The State of California provides its inmates and parolees the right to appeal administratively "any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a). In order to exhaust available administrative remedies, a prisoner must proceed through three formal levels of appeal and receive a decision from the Secretary of the CDCR or his designee. Id. § 3084.1(b), § 3084.7(d)(3).

The amount of detail in an administrative grievance necessary to properly exhaust a claim is determined by the prison's applicable grievance procedures. Jones v. Bock, 549 U.S. 199, 218 (2007); see also Sapp v. Kimbrell, 623 F.3d 813, 824 (9th Cir. 2010) ("To provide adequate notice, the prisoner need only provide the level of detail required by the prison's regulations"). California prisoners are required to lodge their administrative complaint on a CDCR-602 form (or a CDCR-602 HC form for a health-care matter). The level of specificity required in the appeal is described in a regulation:

> The inmate or parolee shall state all facts known and available to him/her regarding the issue being appealed at the time of submitting the Inmate/Parolee Appeal form, and if needed, the Inmate/Parolee Appeal Form Attachment.

Cal. Code Regs. tit. 15, § 3084.2(a)(4).

Exhaustion of administrative remedies may occur if, despite the inmate's failure to comply with a procedural rule, prison officials ignore the procedural problem and render a decision on the merits of the grievance at each available step of the administrative process. Reyes v. Smith, 810 F.3d 654, 658 (9th Cir. 2016); e.g., Id. at 659 (although inmate failed to identify the specific doctors, his grievance plainly put prison on notice

that he was complaining about the denial of pain medication by the defendant doctors, and prison officials easily identified the role of pain management committee's involvement in the decision-making process).

**V.    Analysis**

Defendants move for summary judgment on the ground that Plaintiff did not exhaust his claims in relation to the delay in physical therapy during the period from June 10 to August 31, 2015. Defendants argue that Health Care Appeal Log No. WSP-HC-15047897 did not relate to physical therapy and that Plaintiff did not raise the issue of physical therapy in either his initial appeal or in any subsequent appeal. In support of their motion, Defendants have submitted evidence showing that Plaintiff did not properly exhaust administrative remedies in regards to physical therapy.

The evidence shows that Plaintiff's appeals only requested an MRI, morphine and surgery for his shoulder and do not address in any way his post-surgical care. While the appeals noted that physical therapy had been recommended prior to surgery and Plaintiff indicated that the physical therapy before the surgery had not been effective, Plaintiff never submitted any appeal regarding his post-surgical access to physical therapy, on which this claim proceeds.

The Defendants have thus carried their burden to demonstrate that there were available administrative remedies for Plaintiff and that Plaintiff did not properly exhaust those available remedies. The undisputed evidence shows that California provides an administrative-remedies system for California prisoners to complain about their health care, and that Plaintiff used that California inmate-appeal system to complain about other issues in relation to the care he received for his shoulder injury, but not about the lack of physical therapy post-surgery.

Plaintiff acknowledges that he only filed one appeal. This appeal did not exhaust his administrative remedies in regards to physical therapy. Since Defendants met their initial burden of so showing, the burden shifts to Plaintiff to come forward with evidence that something in his particular case made the existing administrative remedies

effectively unavailable to him. See Albino, 747 F.3d at 1172. Plaintiff does not argue that remedies were unavailable, instead Plaintiff argues that the Ninth Circuit Court of Appeals order that vacated and remanded the claim in regards to Defendant Youssef's action or inaction delaying Plaintiff's physical therapy amounted to a ruling that the claim had satisfied the exhaustion requirement. (ECF No. 41.) However, the Ninth Circuit order does not address exhaustion. (See ECF No. 31.) It found only that the facts alleged in the complaint regarding the delay in physical therapy were sufficient to require Defendant Youssef to supply an answer. (Id.) It did not rule on the exhaustion requirement.

Additionally, although Plaintiff does not specifically argue that the Health Care Request 7362 Forms that he submitted should be considered an attempt to exhaust, he includes them in his opposition to the exhaustion motion. (ECF No. 41, Ex. B.) These Forms, however, do not comply with the CDCR's administrative grievance process. See Cal. Code Regs. tit. 15, §§ 3084.2, 3084.3(a), 3084.8(b). As noted supra, compliance with section 1997e(a) is mandatory and strictly construed. Woodford, 548 U.S. at 85-86; Sapp, 623 F.3d at 818. Plaintiff's use of the 7362 Forms does not exhaust his administrative remedies.

Plaintiff's claim against Defendant Youssef should therefore be dismissed for failure to exhaust administrative remedies.

## VI.     Conclusion

Based on the foregoing, IT IS HEREBY RECOMMENDED that Defendants' motion for summary judgment for failure to exhaust administrative remedies be GRANTED.

The findings and recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with the findings and recommendation, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." A party may respond

| | |
|---|---|
| 1 | to another party's objections by filing a response within fourteen (14) days after being |
| 2 | served with a copy of that party's objections. The parties are advised that failure to file |
| 3 | objections within the specified time may result in the waiver of rights on appeal. |
| 4 | <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 |
| 5 | F.2d 1391, 1394 (9th Cir. 1991)). |

IT IS SO ORDERED.

Dated: January 9, 2018        /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE